RECEIVED
IN ALEXANDRIA, LA.
DEC 03 2009
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **HAROLD JOE BLACK (DOC#111111)** | **DOCKET NO. 09-1024; SEC. "P"** |
| **VERSUS** | **JUDGE JAMES T. TRIMBLE, JR.** |
| **JAMES LEBLANC, ET AL.** | **MAGISTRATE JUDGE JAMES D. KIRK** |

### REPORT AND RECOMMENDATION

Before the Court is a pro se civil rights complaint filed by pro se plaintiff Harold Joe Black pursuant to 42 U.S.C. §1983. Plaintiff's request to proceed *in forma pauperis* was denied pursuant to See 28 U.S.C. § 1915(g), so Plaintiff submitted the full filing fee. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is currently incarcerated at the J. Levy Dabadie Correctional Center (JLDCC) in Pineville, Louisiana. He seeks monetary relief and a release from prison for either the denial of good time or the imposition of an enhanced sentence.

### Factual Background

Plaintiff complains that the defendants wrongfully denied Plaintiff "double good time" by imposing the enhanced sentence that Plaintiff received. He seeks monetary compensation and an immediate release from prison. Plaintiff has filed approximately fourteen lawsuits in this Court, and he has been barred from proceeding in forma pauperis.

**Law and Analysis**

Petitioner brought this civil rights complaint alleging that his sentence was illegal or improperly calculated; he seeks a release from custody and monetary damages.

1. Release

A writ of habeas corpus is the sole federal remedy for a state prisoner challenging the very fact or duration of his physical imprisonment, whereby he seeks a determination that he is entitled to an immediate or speedier release from that imprisonment. See Jones v. Dretke, 2004 U.S. Dist. LEXIS 7052, 3-4 (D. Tex. 2004), citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Here, Plaintiff seeks, in part, a release from custody. This claim can only be pursued through a Petition for Writ of Habeas Corpus.[1]

2. Damages

Plaintiff also seeks monetary damages for the alleged illegal/improperly calculated sentence. In the United States Supreme Court case of Heck v. Humphrey, 512 U.S. 477 (1994), the Court addressed whether a claim for monetary damages that essentially challenges a plaintiff's conviction or imprisonment is cognizable under 42 U.S.C. § 1983. The Court held that such a claim is not cognizable under that statute:

---

[1] A review of the Court records indicates that Plaintiff has filed at least one habeas corpus petition, and his claims were addressed in a comprehensive thirty-three page Report & Recommendation, which was adopted by the District Judge. [5:05-CV-2187; Doc. #104, 105]

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (footnotes omitted); see also Boyd v. Biggers, 31 F.3d 279, 284-85 (5th Cir. 1994).

Plaintiff's conviction and/or sentence have not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck at 496. Therefore, if the Court was to find in Plaintiff's favor and determine that his current term of imprisonment violates his constitutional rights, it would necessarily imply the invalidity of his current conviction, sentence, and imprisonment. Thus, Plaintiff's claim for damages is barred by Heck v. Humphrey, and his complaint should be dismissed until the conditions set forth in Heck v. Humphrey are met.

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's

complaint be DENIED and DISMISSED WITH PREJUDICE[2] pursuant to 28 U.S.C. §1915(e)(2)(b)(ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED at Alexandria, Louisiana, this 3rd day of December, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

---

[2] Claims barred by Heck are properly dismissed with prejudice "until the Heck conditions are met." Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).