RECEIVED
IN ALEXANDRIA, LA.

JAN 2 5 2010

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

---

| | |
|---|---|
| **HAROLD JOE BLACK** | **CIVIL ACTION NO. 09-1024** |
| **VERSUS** | **JUDGE TRIMBLE** |
| **JAMES LEBLANC, ET AL.** | **MAGISTRATE JUDGE KIRK** |

---

## MEMORANDUM ORDER

Before the court is a motion for reconsideration[1] filed by plaintiff Harold Joe Black. Plaintiff's motion asks the court to reconsider its prior judgment[2] adopting the report and recommendation of the magistrate judge[3] dismissing plaintiff's claims against defendants with prejudice. Plaintiff's motion argues that his first motion to amend his complaint[4] was never considered. Our review of the record indicates that plaintiff's first motion to amend was granted by order dated November 9, 2009.[5] Plaintiff's amendment added two defendants: the First Judicial District Court for the Parish of Caddo, Louisiana and the State of Louisiana.[6] Plaintiff also named

---

[1] R. 28.

[2] R. 24.

[3] R. 19.

[4] R. 8.

[5] R. 11.

[6] R. 12.

Former Chief Judge Charles Rex Scott and Former Assistant District Attorney Donna Hall.[7] Accordingly, we find plaintiff's first allegation of error to be without merit, as plaintiff has successfully amended his complaint.

Plaintiff's motion next, apparently, argues that his second motion to amend[8] his complaint was similarly unconsidered by the court. The record reflects that plaintiff filed such motion on November 5, 2009, requesting the addition of various other defendants. Plaintiff's motion was denied by the magistrate judge on November 9, 2009 by electronic order on the basis that no proposed pleading was attached to plaintiff's motion as required by "court rules."[9] Plaintiff asserts that this denial was in error because Local Rule 7.6W does not require that motions to amend pleadings contain a proposed amended pleading, only a proposed order granting the motion to amend.

Our review of the Local Rule at issue reveals that plaintiff is correct that proposed pleadings are not required by Rule 7.6W. Proposed pleadings are, however, required by court procedure as indicated on the Deficiency Checklist available on the court's website.[10] To the extent that the magistrate judge's characterization of the basis of the court's denial of plaintiff's motion to amend was erroneous, we find that such error produced no prejudice to plaintiff. We base our finding on the content of the magistrate judge's report and recommendation, which found that plaintiff's claims

---

[7]Id.

[8]R. 14.

[9]R. 15.

[10]See www.lawd.uscourts.gov. Choose "Court Operations" from the menu and then scroll down to "Deficiency Checklist."

were not cognizable under 42 U.S.C. 1983 because they constituted a challenge to his term of imprisonment and, therefore, were only cognizable pursuant to a habeas corpus action, which plaintiff did not file. Moreover, plaintiff's attendant claim for damages under Section 1983 was similarly meritless because it also implicated the validity of his conviction or imprisonment, which was, as indicated above, not reviewable by this court outside of a properly framed habeas corpus action.

Thus, even if the court had allowed both amendments, rather than just one, plaintiff's proposed amendments would not have changed the errors in plaintiff's claims such they would not have been dismissed by the undersigned.

Accordingly, plaintiff's motion for reconsideration of our prior judgment is **GRANTED** and, the court having considered the assignments of error advanced by plaintiff, it is hereby

**ORDERED** that our prior judgment adopting the report and recommendation of the magistrate judge dismissing plaintiff's claims with prejudice stands as issued.

**THUS DONE AND SIGNED** in chambers at Alexandria, Louisiana this 25th day of January, 2010.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE